UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HOWARD GATES,<br><br>    Plaintiff,<br><br>v.<br><br>M. NAVARRO, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00271-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURTS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE**<br><br><u>Clerk of the Court to assign District Judge</u> |

Plaintiff Johnny Howard Gates is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on February 23, 2023. (Doc. 1.)

On May 17, 2023, this Court issued its First Screening Order, finding Plaintiff had plausibly alleged Eighth Amendment excessive force claims against Defendants Alejo and Barrios, and a plausible Eighth Amendment failure to protect claim against Defendant Navarro. (Doc. 8.) On May 18, 2023, the Court issued its Order Finding Service of Complaint Appropriate. (Doc. 9.)

Following service of process, Defendants Alejo, Barrios and Navarro filed an answer to

1  Plaintiff's complaint on August 24, 2023. (Doc. 13.)

2  On August 25, 2023, the Court issued its Order Referring Case to Post-Screening ADR
3  and Staying Case for 90 Days. (Doc. 14.) The parties were directed to file a notice, within 45
4  days, indicating whether they wished to participate in an early settlement conference. (*Id.* at 2.)

5  The Court granted Defendants' October 5, 2023 request for an extension of time within
6  which to file their notice, directing Defendants submit the notice no later than October 31, 2023.
7  (Doc. 17.)

8  On October 16, 2023, when more than 45 days passed[1] without Plaintiff filing a notice
9  concerning early ADR, the Court issued its Order to Show Cause ("OSC") Why Action Should
10 Not Be Dismissed for Plaintiff's Failure to Obey Court Order by Failing to File Notice Regarding
11 Post-Screening ADR. (Doc. 18.) Plaintiff was ordered to respond within 14 days of the date of
12 service of the order. (*Id.* at 2-3.)

13 On October 17, 2023, two pieces of mail[2] directed to Plaintiff were returned by the United
14 States Postal Service marked "Undeliverable, Unable to Forward." (*See* Docket Entries dated
15 10/17/23.)

16 On October 18, 2023, Defendants filed their notice agreeing to participate in an early
17 settlement conference. (Doc. 19.)

18 Lastly, on October 31, 2023, the United States Postal Service returned the previously
19 served OSC marked "Undeliverable, Return to Sender, Refused, Unable to Forward." (*See*
20 Docket Entry dated 10/31/23.)

21 Plaintiff has failed to respond to both the Order referring this matter to early ADR
22 proceedings and to the OSC.

23 //
24 //
25 //

26
27 [1] 10/16/23 – 8/25/23 = 52 days.

28 [2] The Order re Consent issued October 4, 2023 (Doc. 15) and the Order granting Defendants an extension of time to file notice, issued October 6, 2023 (Doc. 17), were returned as undeliverable on this date.

2

## II.  DISCUSSION

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective."

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Here, Plaintiff has failed to respond to the Court's August 25, 2023 and October 16, 2023 Orders. The latter was returned to the Court by the United States Postal Service marked undeliverable, while the former was not. According to the Court's docket, Plaintiff's address of

3

record is California State Prison-Corcoran, P.O. Box 3461, Corcoran, California 93212-3461. All Orders issued by the Court has been served at that address. (*See* Docs. 3, 7, 8, 9, 14, 15, 17, 18.) However, this address is either incorrect and/or no longer current. Plaintiff has an obligation to keep the Court apprised of his current address. Because Plaintiff has failed to do so, this action is subject to dismissal.

Plaintiff's failure to respond to the Order Referring Case to Post-Screening ADR and to the OSC, coupled with Plaintiff's failure to keep the Court apprised of his current and correct address, weigh in favor of dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey orders, failure to prosecute this action and failure to keep the Court apprised of his current address. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants have appeared in this action and have also indicated a willingness to participate in an early settlement conference. This matter cannot proceed without Plaintiff's participation and a presumption of injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped communicating with the Court altogether and has failed to comply with this Court's orders and the Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued February 26, 2023, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. **Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case**. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1, emphasis added.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address." (*Id*. at 5.) Next, in the Order Referring Case to Post-Screening ADR issued August 25, 2023, the parties were advised, "The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* L.R. 182(f)." (*See* Doc. 14 at 2.) Finally, in its OSC issued October 16, 2023, the Court warned "**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute**." (*See* Doc. 18 at 3, emphasis in original.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a Court order and this Court's Local Rules. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to keep the Court apprised of his current address, to

comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.  ORDER AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is **DIRECTED** to assign a district judge to this action.

Further, for the reasons given above, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey court orders and to prosecute this action, coupled with his failure to keep the Court apprised of his current or correct address.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 6, 2023**

UNITED STATES MAGISTRATE JUDGE

6