UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HOWARD GATES,<br><br>   Plaintiff,<br><br>   v.<br><br>M. NAVARRO, et al.,<br><br>   Defendants. | Case No. 1:23-cv-00271-KES-CDB<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FALURE TO OBEY COURT ORDERS AND LOCAL RULES**<br><br>**21-DAY DEADLINE** |

Plaintiff Johnny Howard Gates is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant J. Alejo and F. Barrios on Eighth Amendment excessive force claims and against Defendant M. Navarro on an Eighth Amendment failure to protect claim.

**I.    RELEVANT PROCEDURAL HISTORY**

On August 25, 2023, the Court issued its Order Referring Case To Post-Screening ADR And Staying Case For 90 Days. (Doc. 14.) The parties were directed to file notice indicating whether they wished to participate in an early settlement conference within 45 days. (*Id*. at 2.) Following a brief extension of time, Defendants filed their notice on October 18, 2023. (Doc. 19.) Plaintiff failed to respond as ordered.

On October 16, 2023, the Court issued its Order To Show Cause ("OSC") In Writing Why Action Should Not Be Dismissed For Plaintiff's Failure To Obey Court Order By Failing To File

Notice Regarding Post-Screening ADR. (Doc. 18.) Plaintiff was directed to file a written response to the OSC within 14 days, or alternatively, to file the notice provided in the Court's August 25, 2023 order. (*Id*.) Plaintiff failed to respond to the OSC.

On October 17, 2023, two pieces of mail—the Order re Consent issued October 4, 2023 (Doc. 15) and the Order granting Defendants an extension of time issued October 6, 2023 (Doc. 17)—were returned by the United States Postal Service marked "Undeliverable, Unable to Forward." (*See* Docket Entries dated 10/17/23.) And on October 31, 2023, the United States Postal Service returned the previously issued OSC marked "Undeliverable, Return to Sender, Refused, Unable to Forward." (*See* Docket Entry dated 10/31/23.)

On November 6, 2023, the undersigned issued Findings And Recommendations To Dismiss Action Without Prejudice For Plaintiff's Failure To Obey Court Orders And Failure To Prosecute. (Doc. 21.)[1] Specifically, this Court found Plaintiff failed to respond to the Court's August 25, 2023 and October 16, 2023 orders and failed to keep the Court apprised of his current address. (*Id*. at 3-6.) The undersigned recommended dismissal of this action, without prejudice, for Plaintiff's failure to obey courts orders, to prosecute, and to keep the Court apprised of his current or correct address. (*Id*. at 6.) Plaintiff was to file any objections within 14 days. (*Id*.) Plaintiff did not file objections.

On December 1, 2023, the Court issued its Order Of Temporary Reassignment To No District Court Judge (NODJ). (Doc. 22.) On December 13, 2023, this order too was returned by the United States Postal Service marked "Undeliverable, RTS, Refused, Unable to Forward." (*See* Docket Entry dated 12/13/23.)

On March 14, 2024, the Court issued its Order of Reassignment, reassigning this action from No District Judge (NODJ) to District Judge Kirk E. Sherriff. (Doc. 23.)

On April 5, 2024, after more than five months passed following issuance of the Findings and Recommendations, Plaintiff filed a document titled "Order of Notice, Request for In Person Hearing, Response to Electronic Filing By the Superior Court." (Doc. 24.).

---

[1] Despite service by mail to Plaintiff on the same date, the Findings and Recommendations were never returned as undeliverable by the United States Postal Service.

## II. DISCUSSION

In his April 5, 2024 filing, Plaintiff states he is no longer incarcerated in Corcoran, California, and is presently housed at California State Prison-Lancaster. (Doc. 24 at 1.) However, Plaintiff fails to explain why he neglected to keep the Court apprised of his current address, nor does he indicate when he was transferred from California State Prison-Corcoran to California State Prison-Lancaster. Plaintiff makes no effort to account for his delay in prosecuting this action.

This Court's Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made." Also, Local Rule 183(b) states: "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Plaintiff has failed to comply with the Court's orders and Local Rules 182(f) and 183(b). Plaintiff failed to respond to orders issued more than seven months ago. A total of four orders issued by this Court were returned to the Court—starting more than five months ago—by the United States Postal Service marked "Undeliverable." Plaintiff will be directed to provide a written explanation concerning his failure to keep the Court apprised of his current address. Specifically, Plaintiff will provide the Court with the date he was transferred from the state prison in Corcoran to the state prison in Lancaster and explain why he failed to advise the Court of that transfer by filing of the required[2] notice of change of address at or near the time the transfer

---

[2] Plaintiff was advised of his obligation to keep the Court apprised of his current address shortly after he initiated this lawsuit. *See* First Informational Order In Prisoner/Civil Detainee Civil Rights Case issued February 26, 2023. (Doc. 3 at 5 ["A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). … [¶] A Notice of Change of Address

3

occurred. Finally, Plaintiff will be required to explain his significant delay—from at least late August of 2023 until April 5, 2024— of these proceedings after Defendants' appearance in this action.

### III.    ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why he failed to comply with the Court's orders and this Court's Local Rules. Specifically, Plaintiff **SHALL** provide the following information and/or explanation in writing:

1. Plaintiff shall provide the date of his transfer from California State Prison-Corcoran to California State Prison-Lancaster;
2. Plaintiff shall explain his failure to keep the Court apprised of his correct current address at or near the time of his transfer; and
3. Plaintiff shall explain why he has delayed prosecution of this action for more than seven months.

**WARNING: Failure to comply with this Order will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **April 9, 2024**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE

---

form is attached to this Order"]).